J. JONES, Justice,
specially concurring.
I concur in the Court’s opinion. Judge Bradbury clearly erred in concluding in his written decision on reconsideration that a section line can be located where parties think it should be, rather than where a survey would show it to be. Section lines do not move. They are located where a valid survey establishes them to be. When a legal description in a deed utilizes section lines, half-section lines, or quarter-section lines, those lines are established by survey and do not move depending on what parties to the deed may think more appropriate. There can be differences between surveys but those are to be adjudicated based on presentation and consideration of competent expert evidence.
The Johnson-Adamson Deed is clearly unambiguous. Johnson conveyed to Adamson the E}£ of the NE14 SE]4 of Section 27, less the south 36 feet of that surveyed parcel and less the parcel described in the Right of Way Deed recorded as Instrument No. 108078, Clearwater County records. It may be odd that the Johnson-Adamson Deed specifically exempted the right of way deeded to Clear-water County in Instrument No. 108078 (apparently leaving Johnson as the owner of the land underlying the County’s road right of way), but that is the effect of the deed and no amount of parol evidence can change it. Where the language of a deed is unambiguous, a court may not rewrite it.
REINHARDT, J., Pro Tern, concurs.